IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MARK MITCHELL BRADSHAW, | ) | No. 78807-8-I |
| Appellant, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| DOWNTOWN EMERGENCY SERVICE CENTER, | ) ) ) | |
| Respondent. | ) ) | FILED: August 19, 2019 |

PER CURIAM — Mark Bradshaw, proceeding pro se, appeals an order dismissing his suit against the Downtown Emergency Service Center for wrongfully denying him employment due to his housing status. We affirm.

Pro se litigants are held to the same standards as attorneys and must comply with all procedural rules on appeal. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). Failure to do so may preclude review. State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999). An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a) (6). Arguments unsupported by references to the record or citation to authority need not be considered. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Claims presented without meaningful

1

analysis also need not be considered.  Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011) ("We will not consider an inadequately briefed argument.") (quoting Bolan v. Cody, 119 Wn.2d 357, 368, 832 P.2d 71 (1992)); State v. Rafay, 168 Wn. App. 734, 843, 285 P.3d 83 (2012) (rejecting claim due to absence of meaningful argument or authority to support conclusory claim); Marintorres, 93 Wn. App. at 452 (appellate court need not consider pro se arguments that are conclusory).  Finally, briefs should contain a table of cases and assignments of error.  RAP 10.3(a).

Bradshaw's brief violates these rules.  It contains no clear assignment of error, no table of cases or table of contents, no citations to the record, insufficient citation to pertinent authority, and most importantly, no meaningful analysis.  These omissions preclude effective review and are therefore fatal to the appeal.

Affirmed.

FOR THE COURT:

_____

_____

Andrus, J.